UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL WILKINSON,

        Plaintiff,

  v.

SWEDISH MEDICAL CENTER,

        Defendant.

No. 07-CV-00461-MJP

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter comes before the Court on Plaintiff Paul Wilkinson's ("Wilkinson's") motion to remand. Having reviewed the record (Dk. Nos. 7, 10, 13) and the documents submitted by the parties, the Court GRANTS Wilkinson's motion.

**Background**

Wilkinson was employed by Defendant Swedish Medical Center ("Swedish") as a polysomnographer – aka, Sleep Technician – beginning in December 1999. (Dk. No. 13, Wilkinson Decl. at 1). The following July, SEIU Local No. 6 (the "Union") entered into a collective bargaining agreement ("CBA") with Swedish. (Dk. No. 11, Ex. A at 4). It is unclear whether Wilkinson was a member of the Union at that time, but he certainly had joined the Union by 2002. (Dk. No. 13. Ex. A at 2).

ORDER - 1

1    Wilkinson was terminated in March 2005 for alleged instances of harassment and offensive
2 comments. Id. He filed this pro se action against Swedish in King County Superior Court, alleging
3 that: (1) Swedish violated its own policies and procedures in terminating him; (2) He was held to a
4 different standard than other employees; and (3) He was retaliated against in various ways. (Dk. No.
5 3, Ex. A at 4-5). Swedish removed the suit to Federal court on the sole ground that "resolution of
6 Plaintiff's contract claim requires interpretation of the collective bargaining agreement, [and thus] this
7 claim is preempted by § 301 of the Labor Management Relations Act." (Dk. No. 3 at 2). Wilkinson
8 filed a timely motion to remand. (Dk. No. 7).

**Analysis**

10   Wilkinson does not plead a Federal cause of action on the face of his complaint. Generally this
11 would mean that there can be no original Federal jurisdiction nor Federal removal jurisdiction over his
12 claim. See Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); 28 U.S.C. 1441(a).
13   In attempting to remove this case, Swedish relies on Section 301 of the Labor - Management
14 Relations Act. This provision provides that "[s]uits for violation of contracts between an employer
15 and a labor organization representing employees . . . may be brought in any district court of the United
16 States having jurisdiction of the parties." 29 U.S.C. § 185(a). The pre-emptive force of this statute is
17 so powerful that it may sometimes convert a facial state-law claim into a Federal claim for purposes of
18 Federal removal jurisdiction. See Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. Of Machinists and
19 Aerospace Workers, 390 U.S. 557, 560 (1968). Specifically, § 301 will allow removal of a state-law
20 claim if the claim is founded directly on rights created by a CBA or the claim is substantially dependant
21 on analysis of a CBA. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987).
22   However, Wilkinson's contract claim – i.e., his claim that Swedish "terminated [him] in
23 violation of their own policies and procedures" – does not qualify for § 301 removal jurisdiction under
24 Caterpillar. Wilkinson began working for Swedish in December 1999, seven months *before* the CBA
25

ORDER - 2

1  went into effect. Thus, he alleges violations of an independent implied-in-fact contract that pre-existed
2  the CBA.[1]

3        While the CBA may have displaced Wilkinson's implied-in-fact contract rights when it came
4  into effect in July 2000, that fact is not sufficient for § 301 removal of Wilkinson's claim. In
5  Caterpillar, the defendant employer similarly argued that plaintiffs waived pre-existing contract rights
6  when they later entered into the terms of a CBA. The Supreme Court held that this "defensive
7  argument" is not sufficient for removal of plaintiffs' claim. Id. at 398. "[I]f an employer wishes to
8  dispute the continued legality or viability of a pre-existing individual employment contract because the
9  employee has taken a position covered by a collective agreement, it may raise this question in state
10 court." Id. at 397.

11       In opposing remand, Swedish cites Ninth Circuit caselaw for the proposition that contract
12 claims are removable when such claims are "inextricably intertwined" with a relevant CBA. See
13 Edelman v. Western Airlines, Inc., 892 F.2d 839, 844 (9th Cir. 1989); Olguin v. Inspiration Consol.
14 Copper Co., 740 F.2d 1468, 1474 (9th Cir. 1984). But these cases are distinguishable because the
15 employees were covered by the applicable CBA at all relevant time periods. Thus, any suit over a
16 company's policies would be "effectively a suit to enforce the collective bargaining agreement . . .
17 [a]ny independent agreement of employment could be effective only as part of the collective
18 bargaining agreement." Olguin, 740 F.2d at 1474. The Ninth Circuit has cautioned that the complete
19 pre-emption and removal analysis of Olguin does not apply if the employee is not covered by the CBA
20 – as Wilkinson was not when he and Swedish allegedly entered into an implied-in-fact employment
21 contract in 1999. See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997-98 (9th Cir. 1987)
22 (citing Caterpillar, 482 U.S. at 395 n.9).

---

[1] This Court has not received evidence that any earlier iteration of the CBA was in effect when Wilkinson began his employment in December 1999.

ORDER - 3

Wilkinson's alleged implied-in-fact contract was not "effective only as part of the collective bargaining agreement." Olguin, 740 F.2d at 1474. It was instead a free-standing agreement that pre-existed the CBA. Even if the CBA later superceded this independent contract, Wilkinson's contract claim is not transformed into a Federal claim for purposes of Federal removal jurisdiction. See Caterpillar, 482 U.S. at 398-99.

**Conclusion**

Wilkinson's claims do not plead Federal causes of action on their face and are not transformed into Federal claims under § 301 complete pre-emption. Removal jurisdiction therefore does not exist. Wilkinson's motion to remand is GRANTED.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: May 8, 2007.

S/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4